# EXHIBIT "A"

# THE FERRARO LAW FIRM
## ATTORNEY'S CONTINGENCY FEE CONTRACT

THIS IS AN AGREEMENT between Total Asset Recovery Services, LLC, hereafter referred to as "Client," and THE FERRARO LAW FIRM, hereafter referred to as "Attorney."

1. Scope of Representation: Client retains Attorney to represent Client only in connection with the pursuit of a *Qui Tam* Whistleblower action under the False Claim Acts of certain states, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ for allegations arising from a failure of life insurance companies to escheat unclaimed funds from life insurance policies to the respective states in violation of law.

   After the investigation of my claim(s), Attorney shall have the right to withdraw and cancel this Contract if it is unable or unwilling to undertake the contemplated representation. Thereafter, if Attorney agrees to pursue this claim after investigation and evaluation, I employ and retain Attorney to represent my interests in any and all actions, claims or trial proceedings related to the claim(s) referenced above.

2. Services to be Performed by Attorney: Attorney agrees to investigate the potential claim, and, in its discretion, at the conclusion of the investigation, to file a civil action *qui tam* complaint for false claims in one or more states. Attorney reserves the right not to file a complaint after it completes its evaluation of the merits of the potential *qui tam* action. Attorney agrees that if it files a complaint, it will comply with the relevant False Claim Act of the applicable state(s) for purposes of noticing the Attorney General and/or the Comptroller to put the state(s) on notice as to the complaint. In the event the applicable state agency agrees to proceed with the action, Attorney agrees to continue to pursue the claim. In the event that the state agency does not agree to pursue the claim, Attorney reserves the right to withdraw its representation of Client and not proceed further with the matter. Client is thus hereby advised that should the applicable state(s) decide not to proceed with the action, Attorney is entitled, in its complete and sole discretion, to not proceed with the action.

   The services covered by this Agreement will terminate when all matters are concluded in the trial court. Services on appeal or other proceedings to enforce the judgment are not covered by this Agreement; if those services are necessary, Client may retain Attorney at a later date for an additional 5% of the judgment or settlement amount, or if it is an appeal from a final judgment in favor of Defendant for the normal hourly rate of Attorney which is currently $500.00 per hour, or in such other amount as the parties may agree in writing.

Page 1 of 8

3. <u>Co-Counsel:</u> Attorney is authorized to associate and employ other counsel to assist in representing Client, at no additional expense to Client. This may also include the retention of local counsel outside of the Ferraro Law Firm for purposes of appearing in court *pro hac vice*. I understand that the amount of attorney's fees that I pay will not be increased by the work of co-counsel associated to assist with the handling of my claim, and that such associated co-counsel will be paid by Attorney out of the attorney's fee I pay to Attorney.

4. <u>No Guarantee as to Result:</u> Client acknowledges that Attorney has made no guarantee as to the outcome or amounts recoverable in connection with Client's claim.

5. <u>Litigation Costs and Expenses:</u> Attorney shall advance such costs, including case specific and general costs, as in their judgment are necessary for the prosecution of these claims and costs advanced by Attorney shall be payable out of any recovery in the case. These costs may include, but will not be limited to, case specific costs of obtaining medical records and death certificates, copying costs, postage, telephone and facsimile transmission charges, messenger and delivery charges, travel expenses, court costs and filing fees, process serving fees, investigators' fees, word and data processing charges, fees to experts for consultation with Attorney, and/or appearance at deposition or trial, and jury fees. In the event no recovery is made, I understand that I will owe Attorney no fee and have no obligation to reimburse Attorney for expenses incurred in the litigation of my case.

6. <u>Contingency Fee to Attorney:</u> Client acknowledges that he has been advised by Attorney that any contingency fee is negotiable and is not set by law. Bearing such advice in mind, Client agrees to pay to Attorney a contingency fee as follows:

"Settlement, "Judgment" and "Recovery" shall be defined as the total amount of distribution the court(s) award Client as plaintiff in the *qui tam* action(s).

It is understood and agreed that I am employing Attorney as set forth herein, and that if no recovery is made, I will not owe Attorney for any sums whatsoever as attorney's fees except as specifically provided herein.

I agree to pay Attorney an attorney's fee of **forty-percent (40%)** of the gross amount of any settlement, judgment, or recovery obtained in my case for their legal services performed in all proceedings related to the claim(s) referenced above.

TFLF-01813

The undersigned client understands and acknowledges that:

I have been advised that by signing this acknowledgment, I agree to pay Attorney a contingency fee that is in excess of the standard fees permitted by the Florida Bar;

I fully understand my rights and the terms of the Ferraro Law Firm's contingency fee agreement and authorize Attorney to present this acknowledgment to the appropriate court, for purposes of approval of the contingency fee agreement. Unless the court requires my attendance at a hearing for that purpose, Attorney is authorized to provide this acknowledgment to the court for its consideration without my presence.

I have chosen and wish to engage the legal services of The Ferraro Law Firm in a *qui tam* Whistleblower claim(s) for failure of life insurance companies to escheat to the state(s) unclaimed life insurance policies, the fee for which is contingent in whole or in part upon the successful prosecution or settlement thereof, and in consideration of Attorney's agreement to represent me and my desire to employ the Ferraro Law Firm, I hereby knowingly, willingly, and voluntarily waive the percentage restrictions that are explained in Florida Bar Rule 4-1.5 and confirm the fee percentages set forth in the contingency fee agreement;

I have selected the Ferraro Law Firm as my counsel of choice in this matter and would not be able to engage their services without this acknowledgment; and I expressly state that this acknowledgement and contingency fee agreement is made freely and voluntarily, with full knowledge of its terms, and that all questions have been answered to my satisfaction.

I am not under the influence of any substance, drug, or condition (physical, mental, or emotional) that interferes with my understanding of this entire waiver in which I am entering and all the consequences thereof.

I have entered into and signed this Contract of Representation freely and voluntarily.

If the provisions of this Contract regarding payment of attorney's fees are in conflict with any court order or settlement agreement, such court order or settlement agreement shall govern the recovery of attorney's fees under this Contract, but in no event shall attorney's fees exceed the agreed-upon 40%.

I understand that attorney's fees will be calculated based on the gross amount of settlement, judgment or recovery, and the expenses that have been advanced will be deducted from the net proceeds payable to the client after deduction of the attorney's fee.

In the event attorneys' fees are awarded by the Court or governmental agency as part of the Judgment, settlement or award entered against Defendant and/or any insurance company on any suit, filing or submission initiated on my behalf by my attorneys, the attorneys will be compensated based upon the above-described percentage fee, or the

TFLF-01814

amount of fees awarded by the Court or governmental agency whether awarded against the Defendant, an insurance company or any other entity, whichever is greater. In the event of an award by the Court or governmental agency, I agree and acknowledge that a fee computed at a rate of $500.00 per hour is fair and reasonable. Due to the contingent nature of the fees involved in this representation, the risk of non-recovery, and the difficulty of the issues involved, it is understood and agreed that the application of a contingent fee multiplier to any awarded attorney's fees is a material term of this contract, and that without the availability of a contingency fee multiplier, attorney would not agree to undertake this representation.

I also understand that if an appeal is taken of any judgment, settlement or award obtained, a new and separate agreement for fees and services shall be entered into by the parties. I also understand that an additional 5% of any recovery after notice of appeal is filed or post-judgment relief or action is required for recovery on the judgment.

7. <u>Disbursement of Proceeds to Client:</u>  At the time of disbursement of any proceeds recovered on my behalf under the terms of this Contract, I will be provided with a detailed disbursement sheet reflecting the method of calculation for attorney's fees and litigation expenses which are due to Attorney from the judgment or settlement proceeds.

   Except as may be required by law, Attorney will not agree to protect any claim of a subrogation carrier or other creditor without my consent.

8. <u>Costs and Expenses as Affecting Contingency Fees:</u>  Costs and expenses incurred in connection with the prosecution or settlement of Client's claim shall be reimbursed after the contingency fee is computed. For example, if the court distributes $1,000.00 to Client, and litigation expenses total $100.00, the Attorney's contingency fee shall be based on the gross amount of $1,000.00. Client's share of the recovery shall be the balance remaining after deducting Attorney's contingency fees then costs.

9. <u>Form of Recovery as Affecting Contingency Fee:</u>  In the event the recovery consists of periodic payments over a period of time, or any other form of property which is not cash or cash-equivalent, the contingency fee shall be based on the present cash value of the recovery and shall be payable out of the first funds or property received.

10. <u>Cooperation with Attorney:</u>  Client shall keep Attorney advised of the whereabouts of Client at all times, shall appear on reasonable notice to any and all depositions and court appearances and shall comply with all reasonable requests of Attorney in connection with the preparation and presentation of the claims described herein.

    Further, I will not discuss this case with another attorney or person without previously informing Attorney and/or associated counsel of my intentions. I understand that discussing this case with people on a casual basis may result in a waiver of the attorney-client and/or work product privileges, and that this could not only harm my case, but could also harm the case of others.

TFLF-01815

11. **Settlement Discussion:** No settlement of said claims shall be made by Client except by and through the Attorney. Client agrees not to make any settlement or engage in any negotiations of any kind unless Attorney is present and consents.

12. **Attorney's Lien:** Client hereby grants Attorney a lien on Client's claim and any cause of action filed thereon to secure payment to Attorney of all sums due under this Agreement for services rendered and costs advanced.

13. **Other Services:** The fees as stated above in this agreement constitute the total fees which Client shall be required to pay to Attorney as a result of Attorney's prosecution of claims for the *qui tam* action specified in this Agreement. Any other services requested by Client and rendered by Attorney to Client shall be billed to, and paid by, Client at the normal hourly rate of Attorney which is currently $500.00 per hour, or in such other amount as the parties may agree in writing.

14. **No Fee if No Recovery:** Client and Attorney agree that if no recovery, monetary or otherwise, is obtained, Attorney shall receive no fee for their services. Client understands that no guarantee or assurances of any kind have been made regarding the likelihood of success of the claim.

15. **Confidentiality:** Attorney acknowledges that confidentiality regarding all aspects of this claim and Attorney's representation related thereto is essential to Client. Attorney agrees not to disclose Client's identity or other information provided from Client unless it is necessary for the prosecution of the claim.

16. **Severability:** The illegality, invalidity or unenforceability of any provision of this Contract shall not affect the legality, validity or enforceability of any other provision hereof, and this Contract shall be construed in all respects as if such illegal, invalid or unenforceable provision, if any, were never included in this Contract.

17. **Client Acknowledgment:** Client acknowledges having read all of the terms and conditions set forth in this Agreement and that he fully understands and agrees to same.

18. **Governing Law:** It is understood that the terms and conditions of this agreement are governed primarily by Florida Law and the Florida Rules of Professional Conduct.

TFLF-01816

19. <u>Statement of Client's Rights:</u>  The undersigned Client has, before signing this contract, received and read the Statement of Client's Rights and understands each of the rights set forth therein.  The undersigned Client has signed the statement and received a signed copy to refer to while being represented by the undersigned Attorney.

**I HAVE READ AND UNDERSTAND THIS CONTRACT AND AGREE AS STATED ABOVE THIS 26 DAY OF SEPTEMBER, 2010.**

THE FERRARO LAW FIRM

By: _____
Jeffrey H. Sloman, Esq.

_____
Russell Koonin, Esq.

TOTAL ASSET RECOVERY SERVICES, LLC

By: _____
Steven J. Lynam
President, Total Asset Recovery Services, LLC

## STATEMENT OF CLIENT'S RIGHTS FOR CONTINGENCY FEES

Before you, the prospective client, arrange a contingent fee agreement with a lawyer, you should understand this statement of your rights as a client. This statement is not a part of the actual contract between you and your lawyer, but, as a prospective client, you should be aware of these rights:

1. There is no legal requirement that a lawyer charge a client a set fee or a percentage of money recovered in a case. You, the client, have the right to talk with your lawyer about the proposed fee and to bargain about the rate or percentage as in any other contract. If you do not reach an agreement with 1 lawyer you may talk with other lawyers.

2. Any contingent fee contract must be in writing and you have 3 business days to reconsider the contract. You may cancel the contract without any reason if you notify your lawyer in writing within 3 business days of signing the contract. If you withdraw from the contract within the first 3 business days, you do not owe the lawyer a fee although you may be responsible for the lawyer's actual costs during that time. If your lawyer begins to represent you, your lawyer may not withdraw from the case without giving you notice, delivering necessary papers to you, and allowing you time to employ another lawyer. Often, your lawyer must obtain court approval before withdrawing from a case. If you discharge your lawyer without good cause after the 3-day period, you may have to pay a fee for work the lawyer has done.

3. Before hiring a lawyer, you, the client, have the right to know about the lawyer's education, training, and experience. If you ask, the lawyer should tell you specifically about the lawyer's actual experience dealing with cases similar to yours. If you ask, the lawyer should provide information about special training or knowledge and give you this information in writing if you request it.

4. Before signing a contingent fee contract with you, a lawyer must advise you whether the lawyer intends to handle your case alone or whether other lawyers will be helping with the case. If your lawyer intends to refer the case to other lawyers, the lawyer should tell you what kind of fee sharing arrangement will be made with the other lawyers. If lawyers from different law firms will represent you, at least 1 lawyer from each law firm must sign the contingent fee contract.

5. If your lawyer intends to refer your case to another lawyer or counsel with other lawyers, your lawyer should tell you about that at the beginning. If your lawyer takes the case and later decides to refer it to another lawyer or to associate with other lawyers, you should sign a new contract that includes the new lawyers. You, the client, also have the right to consult with each lawyer working on your case and each lawyer is legally responsible to represent your interests and is legally responsible for the acts of the other lawyers involved in the case.

6. You, the client, have the right to know in advance how you will need to pay the expenses and the legal fees at the end of the case. If you pay a deposit in advance for costs, you may ask reasonable questions about how the money will be or has been spent and how much of it remains unspent. Your lawyer should give a reasonable estimate about future necessary costs. If your lawyer agrees to lend or advance you money to prepare or research the case, you have the right

TFLF-01818

to know periodically how much money your lawyer has spent on your behalf. You also have the right to decide, after consulting with your lawyer, how much money is to be spent to prepare a case. If you pay the expenses, you have the right to decide how much to spend. Your lawyer should also inform you whether the fee will be based on the gross amount recovered or on the amount recovered minus the costs.

7. You, the client, have the right to be told by your lawyer about possible adverse consequences if you lose the case. Those adverse consequences might include money that you might have to pay to your lawyer for costs and liability you might have for attorney's fees, costs, and expenses to the other side.

8. You, the client, have the right to receive and approve a closing statement at the end of the case before you pay any money. The statement must list all of the financial details of the entire case, including the amount recovered, all expenses, and a precise statement of your lawyer's fee. Until you approve the closing statement your lawyer cannot pay any money to anyone, including you, without an appropriate order of the court. You also have the right to have every lawyer or law firm working on your case sign this closing statement.

9. You, the client, have the right to ask your lawyer at reasonable intervals how the case is progressing and to have these questions answered to the best of your lawyer's ability.

10. You, the client, have the right to make the final decision regarding settlement of a case. Your lawyer must notify you of all offers of settlement before and after the trial. Offers during the trial must be immediately communicated and you should consult with your lawyer regarding whether to accept a settlement. However, you must make the final decision to accept or reject a settlement.

11. If at any time you, the client, believe that your lawyer has charged an excessive or illegal fee, you have the right to report the matter to The Florida Bar, the agency that oversees the practice and behavior of all lawyers in Florida. For information on how to reach The Florida Bar, call 850/561- 5600, or contact the local bar association. Any disagreement between you and your lawyer about a fee can be taken to court and you may wish to hire another lawyer to help you resolve this disagreement. Usually fee disputes must be handled in a separate lawsuit, unless your fee contract provides for arbitration. You can request, but may not require, that a provision for arbitration (under Chapter 682, Florida Statutes, or under the fee arbitration rule of the Rules Regulating The Florida Bar) be included in your fee contract.

_____  
Client Signature

9/26/2010  
Date

_____  
The Ferraro Law Firm, P.A.

9/28/10  
Date