# EXHIBIT "B"

# Consulting Agreement

This Consulting Agreement (the "Agreement") is entered into this 20th of August, 2010, by and between G3 Analytics LLC, a Michigan Limited Liability Company, ("Consultant") and Total Asset Recovery Services LLC, a Michigan Limited Liability Company (the "Company").

**RECITALS**

WHEREAS, the Company is in need of assistance in obtaining information about unremitted insurance proceeds for purposes of various Qui Tam lawsuits; and

WHEREAS, Consultant has agreed to perform consulting work for the Company in providing information about unremitted insurance proceeds for purposes of various Qui Tam lawsuits, support, and other related activities as directed by the Company;

NOW, THEREFORE, the parties hereby agree as follows:

**1. Consultant's Services.** Consultant shall be available and shall provide to the Company professional consulting services in the area of unremitted insurance proceeds for purposes of various Qui Tam lawsuits ("Consulting services") as requested.

**2. Consideration.**

**A. RATE.** In consideration for the Consulting Services to be performed by Consultant under this Agreement, the Company will pay Consultant a contingent fee at the rate of seventy-five (75) percent of the "Net Proceeds" from any insurance-oriented Qui Tam lawsuit filed by or on behalf of the Company. "Net Proceeds" shall be the amount paid to the Company after litigation expenses and attorney's fees are deducted. Consultant's contingent fee will not be considered an expense for purposes of calculating "Net Proceeds," nor shall expenses, other than litigation expenses of the Company, be considered an expense for purposes of calculating "Net Proceeds."

**B. EXPENSES.** All expenses incurred by Consultant under this agreement are the sole responsibility of Consultant and will not be reimbursed by the Company unless explicitly agreed to in writing, in advance.

1

3. **Independent Contractor.** Nothing herein shall be construed to create an employer-employee relationship between the Company and Consultant or any of Consultant's employees, contractors, or owners. Consultant is an independent contractor and not an employee of the Company or any of its subsidiaries or affiliates. The consideration set forth in Section 2 shall be the sole consideration due Consultant for the services rendered hereunder. It is understood that the Company will not withhold any amounts for payment of taxes from the compensation of Consultant hereunder. Consultant will not represent to be or hold itself out as an employee of the Company.

4. **Confidentiality/Exclusivity.** In the course of performing Consulting Services, the parties recognize that Consultant and the Company may come in contact with or become familiar with information which the Company or its subsidiaries or affiliates or Consultant may consider confidential. This information may include, but is not limited to, information pertaining to the Company or Consultant, which information may be of value to a competitor. Consultant and the Company agree to keep all such information confidential and not to discuss or divulge it to anyone other than appropriate Company or Consultant personnel or their designees. Additionally, Consultant agrees not to utilize any information obtained for the Company for itself or any other party as it relates to Qui Tam lawsuits.

5. **Term.** This Agreement shall commence on the date of ratification and shall not terminate unless terminated by both parties in writing.

6. **Notice.** Any notice or communication permitted or required by this Agreement shall be deemed effective when personally delivered or deposited, postage prepaid, in the first class mail of the United States properly addressed to the appropriate party at the address set forth below:

1. Notices to Consultant:

G3 Analytics Care of Attorney John Isgrigg

6515 Highland Rd, Suite 100

Waterford, MI 48327


2. Notices to the Company:

2

Steven J. Lynam
4529 Tamworth Road
Sylvania, OH  43560

7. **Miscellaneous.**

*7.1 Entire Agreement and Amendments.* This Agreement constitutes the entire agreement of the parties with regard to the subject matter hereof, and replaces and supersedes all other agreements or understandings, whether written or oral. No amendment or extension of the Agreement shall be binding unless in writing and signed by both parties.

*7.2 Binding Effect, Assignment.* This Agreement shall be binding upon and shall inure to the benefit of Consultant and the Company and to the Company's successors and assigns. Nothing in this Agreement shall be construed to permit the assignment by Consultant of any of its rights or obligations hereunder, and such assignment is expressly prohibited without the prior written consent of the Company.

*7.3 Governing Law, Severability.* This Agreement shall be governed by the laws of the State of [specify]. The invalidity or unenforceability of any provision of the Agreement shall not affect the validity or enforceability of any other provision.

WHEREFORE, the parties have executed this Agreement as of the date first written above.

Total Asset Recovery Services LLC

By: _____
Steven J. Lynam
President/Member

G3 Analytics LLC

By: _____
Kenneth Elder
President/Member

3